# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN D. MILLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case number 4:10cv0605 TCM |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending in this diversity action is the opposed motion of plaintiff, Steven D. Miller, to remand his action to the state court from which it was removed.[1] [Doc. 12]

## Background

Plaintiff, a Missouri resident, alleges in his complaint that he was injured in an motor vehicle accident in May 2004. The accident was caused by the negligence of another driver turning in front of the Plaintiff's car.

At all times relevant, Plaintiff carried insurance on two vehicles, including the one involved in the accident. The insurance policy was issued by defendant, Progressive Direct Insurance Company, and included underinsured motorist coverage. Under this coverage, Defendant was to pay to Plaintiff all sums which Plaintiff might be legally entitled to recover as damages from the owner/operator of an underinsured automobile as a result of injuries he sustained in an accident "arising out of the ownership, maintenance or use of such

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

underinsured automobile." (Compl. ¶ 9.) Plaintiff further alleges that the driver that caused the accident was an underinsured motorist as defined in the insurance policy issued to him by Defendant. Although Plaintiff has made demand on Defendant for payment of his accident-related damages, Defendant has refused, without reasonable cause or excuse, to pay as required by its policy.

In Count I, for breach of contract, Plaintiff requests an award of damages in excess of $100,000.00, but not to exceed the limits of the underinsured motorist liability insurance policy. In Count II, for vexatious refusal to pay, Plaintiff also requests 20% of the first $1,500.00 of the loss, 10% of the excess amount of the loss, and attorney's fees.

Alleging that it is incorporated in Ohio and has its principal place of business in that state and arguing that the amount in controversy exceeds the jurisdiction threshold amount of more than $75,000.00, Defendant removed the case to this court. See 28 U.S.C. § 1332(a) (granting original jurisdiction to district courts in cases in which, inter alia, parties are of different states and the amount in controversy exceeds sum of $75,000) and 28 U.S.C. § 1441(b) (permitting removal of cases from state courts that could have been originally filed in district courts).

Plaintiff moves to remand on the grounds his contractual claim equals, but does not exceed, $75,000. He argues that a credit of the $25,000 paid by the other insurer reduces the underinsured motorist coverage limit to $75,000, exclusive of interests and costs. Defendant does not dispute that such setoff has occurred, but notes that the pending action includes a claim of vexatious refusal and that this statutory claim provides for penalties and attorney's fees. See Mo.Rev.Stat. § 375.420.

## Discussion

Diversity jurisdiction exists pursuant to § 1332(a) "if there is complete diversity of citizenship and the amount in controversy is greater than $75,000." **Advance Am. Servicing of Ark., Inc. v. McGinnis**, 526 F.3d 1170, 1172 (8th Cir. 2008). The party invoking federal jurisdiction bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 at the time of removal. **Id.**; **Bell v. Hershey Co.**, 557 F.3d 953, 956 (8th Cir. 2009); **James Neff Kramper Family Farm P'ship v. IBP, Inc.**, 393 F.3d 828, 831 (8th Cir. 2005).

The parties do not dispute that there is complete diversity of citizenship. Nor do they dispute that the amount at issue in Count I may equal but does not exceed $75,000.

In Count II, Plaintiff seeks damages for a vexatious refusal to pay. Section 375.420, Mo.Rev.Stat., provides for damages in an action against any insurance company if the plaintiff has established that the company has refused to pay, "without reasonable cause or excuse," for the loss under a policy of, inter alia, automobile insurance. Those damages are "not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars *and* a reasonable attorney's fees." Id. (emphasis added). Plaintiff's prayer in Count II reflects this statutory scheme. Clearly, damages under Count II would be at least a penny. See **Larkin v. Brown**, 41 F.3d 387, 389 (8th Cir. 1994) (noting that the amount in controversy must *exceed*, even by a penny, the jurisdictional amount); **Rasmussen v. State Farm Mut. Auto. Ins. Co.**, 410 F.3d 1029, 1031 (8th Cir. 2005) (holding that statutory attorney's fees count toward the jurisdictional minimum amount). In **Capitol Indem. Corp. v. Miles**, 978 F.2d 437, 438 (8th

Cir. 1992), the court found that the amount in controversy requirement was satisfied in an insurance dispute when, although the maximum possible amount recoverable on the insurance policy was $500 less than the jurisdictional amount, attorney's fees were also at stake. Clearly, Plaintiff has satisfied the minimum jurisdictional amount by including his claim for vexatious refusal to pay.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**. [Doc. 12]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  22nd  day of June, 2010.